IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS SOLER,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-00286 |
| v. | : | |
| | : | (Judge Kane) |
| **TIM BETTI, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

On February 25, 2022, pro se Plaintiff Luis Soler ("Soler"), who is presently incarcerated in the State Correctional Institution-Smithfield ("SCI-Smithfield") and was incarcerated in the Lackawanna County Prison ("the prison") at all relevant times, initiated the above-captioned action by filing a complaint against five defendants employed by the prison, alleging that they provided inadequate dental care after he broke a tooth while eating lunch. (Doc. No. 1.) Soler also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Soler's complaint. For the reasons set forth below, the Court will grant Soler's motion for leave to proceed in forma pauperis and dismiss his complaint with leave to amend.

I.      **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1).

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing

Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

>Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## II. DISCUSSION

### A. Soler's Complaint

Soler's complaint alleges that on January 22, 2022, he was eating lunch in his cell when he took a bite of something hard that caused him to break one of the wisdom teeth in the right side of his mouth, which led to "massive bleeding and excruciating pain." (Doc. No. 1 at 4.) Soler sought dental attention, but was told that the prison dentist only sees patients on Tuesdays. (Id.) He then allegedly saw the dentist on the following Tuesday, who allegedly told him that the tooth had broken in half and that the root of the tooth was still embedded in Soler's jaw bone. (Id.) The dentist purportedly told Soler that the tooth needed to be removed and that he was going to have Soler return for x-rays the following week. (Id.) Following this appointment, however, Soler alleges that he was never called to return to the dentist's office. (Id.) He submitted several requests to the prison to be seen by the dentist in the month following his injury, but none of them resulted in him being seen by the dentist. (Id.) Soler names five Defendants: Tim Betti, the warden of the prison; Krista Puris, the prison's deputy warden; and

4

three nurses identified only by their first names, Michelle, Jessica, and Allie.  (Id. at 1.)  None of the defendants are mentioned in the factual allegations of the complaint.  (Id. at 4-5.)  Soler seeks injunctive relief requiring the prison to remove the rest of his wisdom tooth, $250,000 in damages, and payment of his fees and costs in litigating this case.  (Id. at 5.)

Having reviewed the complaint under the screening provisions of 28 U.S.C. § 1915, the Court will dismiss the complaint based on Soler's failure to allege the defendants' personal involvement.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  See id.  Here, the complaint completely fails to mention the defendants in the factual allegations of the complaint and fails to explain how they were personally involved in any alleged violations of Soler's civil rights.  Accordingly, dismissal is appropriate based on Soler's failure to allege the defendants' personal involvement.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court cannot conclude that further amendment would be futile or unjust. Accordingly, Soler will be granted leave to file an amended complaint.  Soler is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Soler's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendants in the acts that Soler claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.  If Soler fails to file an amended complaint, this case will be dismissed without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Soler's complaint (Doc. No. 1) without prejudice and will grant Soler leave to file an amended complaint.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
